John L. DAWKINS and June L. Dawkins, Petitioners,

v.

STATE BOARD OF TAX COMMISSIONERS, Respondent.

No. 49T10–9406–TA–00169.

Tax Court of Indiana.

Dec. 22, 1995.

Jeffrey G. Price, Peru, for petitioner.

Pamela Carter, Attorney General, Marilyn S. Meighen, Deputy Attorney General, Indianapolis, for respondent.

FISHER, Judge.

John L. and June L. Dawkins (Dawkinses) appeal the final determination of the State Board of Tax Commissioners (State Board) assessing their real property for the March 1, 1989, assessment date.

## ISSUES

I.  Whether the Wabash County Board of Review's (County Board) hearing procedure invalidates the State Board's final determination.

II. Whether the State Board erred when it refused to accept the actual construction cost of the Dawkinses' building as the basis for assessing that building.

III. Whether the State Board acted in an arbitrary and capricious manner when it reduced the overall assessed value of the Dawkinses real property by less than the amount requested.

## FACTS AND PROCEDURAL POSTURE

The Dawkinses own real property in Wabash County, Indiana. In December of 1987, the principal building on the real property,

an industrial improvement, was destroyed by fire. A replacement building was constructed in 1988 at a cost of $309,065.41. *Petitioner's Exhibit 5.*

For the March 1, 1989, assessment date, the township assessor assigned the replacement building a true tax value of more than $550,000.[1] Surprised that the true tax value of their building was higher than its actual cost of construction, the Dawkinses filed a Petition to the County Board of Review for Review of the Assessment (Form 130).

On November 17, 1989, the County Board convened to hear the merits of the Dawkinses' appeal. Only one of the five board members was present at the time.[2] Nevertheless, the County Board held the hearing, and issued a determination denying the Dawkinses' Form 130 on January 29, 1990.

Still dissatisfied, the Dawkinses filed a Petition to the State Board of Tax Commissioners for Review of Assessment (Form 131). The State Board held a hearing on October 15, 1990, and later inspected the Dawkinses' real property, including the replacement building. On October 18, 1991, the State Board issued a final determination reducing the Dawkinses' overall real property assessment by $40,480. The Dawkinses have now filed an original tax appeal with this Court.

### STANDARD OF REVIEW

◼ "The State Board is accorded great deference when acting within the scope of its authority." *Wirth v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 613 N.E.2d 874, 876. The court will reverse the State Board's final determination only when it is unsupported by substantial evidence, constitutes an abuse of discretion, exceeds statutory authority, or is arbitrary and capricious. *Id.* Like any party appealing an administrative decision, the Dawkinses bear the burden of proving the State Board's assessment was inaccurate. *See id.*

1. The record does not show the exact true tax value assigned to the building by the township assessor. It is clear, however, that it was greater than $550,800. *See Petitioner's Proposed Findings of Fact and Conclusions of Law* at ¶ 12.

### DISCUSSION

#### I. County Board Hearing

◼ The Dawkinses generally protest their assessment because the County Board lacked the requisite quorum to conduct business when it held the hearing on their Form 130. *See* I.C. 6–1.1–28–1. They argue that the State Board cannot receive a matter for review unless a duly constituted county board has already ruled on that matter. They urge the Court to remand the case to the County Board for a new hearing before a duly constituted County Board of Review.

While the Court does not condone the County Board's failure to follow the proper procedure, the Court cannot say that the State Board erred. As noted earlier, the State Board is accorded great deference when acting within the scope of its authority. *Wirth,* 613 N.E.2d at 876. The State Board is not limited to reviewing assessments from duly constituted county boards of review. Rather, the State Board may review the assessment of any tangible property at any time, so long as the taxpayer has been given proper notice of the review. I.C. 6–1.1–14–10; I.C. 6–1.1–14–11. In the instant case, the Dawkinses not only had notice of the review, they actually *requested* the review when they filed their Form 131 with the State Board. Accordingly, the Court denies the Dawkinses' request to remand their case to the County Board.

#### II. Actual Construction Cost

◼ The Dawkinses contend that the State Board erred when it rejected the actual cost of constructing the building as the basis for assessing that improvement. They explain that, in Indiana, property is assessed on the basis of its true tax value. IND.CODE 6–1.1–1–3. They further explain that true tax value is generally calculated by taking the reproduction cost of property and subtracting depreciation. 50 I.A.C. 2.1–5–1. They argue that while the State Board's rules and regulations are designed to esti-

2. IND.CODE 6–1.1–28–1 provides that a majority of the board constitutes a quorum to conduct business.

mate reproduction cost, there is no need to estimate the reproduction cost of their building. They claim the "actual" reproduction cost of their building is documented through receipts from the building's construction.

Under the assessment law in effect on the date of assessment, the term reproduction cost, as it is used in the State Board's rules and regulations, does not refer to the actual cost of constructing an improvement. It means the cost of the property as calculated through application of the State Board's rules, regulations, and cost schedules. *See Castello v. State Bd. of Tax Comm'rs* (1994), Ind.Tax, 638 N.E.2d 1362, 1364. In the case of an industrial building, the appropriate cost schedules are the General Commercial and Industrial Cost Schedules. 50 I.A.C. 2–5–1 through 50 I.A.C. 2–5–5. Therefore, the State Board did not act in an arbitrary or capricious manner when it rejected the actual cost of constructing the Dawkinses' building as the reproduction cost of that improvement.

### III. Reduction in Overall Assessment

■ The Dawkinses also argue that the State Board did not articulate any reasons for the reduction in their overall assessment. They conclude that the State Board's determination was arbitrary and capricious.

■ An administrative order is arbitrary and capricious when it is without some basis which would lead a reasonable person to the same conclusion as the administrative agency. *Bailey Seed Farms, Inc. v. State Bd. of Tax Comm'rs* (1989), Ind.Tax, 542 N.E.2d 1389, 1391. Therefore, the Court will only reverse the State Board's final determination if the State Board acted without regard for the facts and circumstances of the Dawkinses' case. *See id.*

The State Board (albeit with little or no detail) did articulate the basis for this reduction. Specifically, the State Board indicated that the reduction was because of the County Board's "incorrect classification of the grade of improvements; insufficient consideration [of the] depreciation of the improvements; and incorrect calculation of reproduction costs." *See Final Assessment Determination of the State Board.* Since the State Board has cited the factual basis for the reduction in the overall assessment, and since the Dawkinses have presented no evidence to the contrary (other than actual construction costs which have been discussed above), the Court does not disturb the State Board's final determination.

### CONCLUSION

At trial, the State Board agreed to a remand for the specific and limited purpose of determining the correct wall height of certain portions of the building. Accordingly, the Court REMANDS this cause to the State Board for such purpose. In all other respects, the final determination of the State Board is AFFIRMED.