Douglas G. KILDSIG, Petitioner,

v.

Warrick County Assessor, Respondent.

No. 82T10–1101–TA–2.

Tax Court of Indiana.

Oct. 8, 2013.

Leslie C. Shively, Shively & Associates, PC, Evansville, IN, Attorney for Petitioner.

Marilyn S. Meighen, Attorney at Law, Carmel, IN, Attorney for Respondent.

WENTWORTH, J.

This case concerns the Indiana Board of Tax Review's determination that the bur-

den-shifting rule contained in Indiana Code § 6–1.1–15–1(p) did not apply to its proceedings and that a portion of Douglas G. Kildsig's land was properly classified as residential excess acreage for the 2009 tax year. The Court reverses in part and affirms in part.

## FACTS AND PROCEDURAL HISTORY

During the 2009 tax year, Kildsig owned 12.648 acres of land upon which his residence, two pole barns, a lake, and just over 11 acres of woods was situated. The Warrick County Assessor assessed the property at $192,600 ($68,900 for land and $123,700 for improvements).

Kildsig appealed the assessment, first to the Warrick County Property Tax Assessment Board of Appeals (PTABOA) and then to the Indiana Board. On August 12, 2010, the Indiana Board held a hearing. Kildsig first claimed that because his 2009 assessment was more than 5% greater than his 2008 assessment, the Assessor bore the burden of establishing the validity of his 2009 assessment pursuant to Indiana Code § 6–1.1–15–1(p).[1] Kildsig also claimed that his assessment was incorrect because 11.648 acres were improperly classified as residential excess acreage rather than agricultural land. Kildsig explained that the acreage was agricultural land because he used it to grow trees that he used as firewood to heat his residence and because his neighbor's adjacent, similarly wooded parcel was classified as agricultural land.

The Assessor, however, maintained that the classification of Kildsig's land was proper because, unlike his neighbor, he did not use his land for any qualifying agricultural purpose. The Assessor also claimed that Kildsig's assessment was proper because it was lower than both its 2005 purchase price of $207,000 and its 2008 list price of $410,000.

On November 23, 2010, the Indiana Board issued a final determination finding that Kildsig bore the burden of establishing the invalidity of his 2009 assessment because the burden-shifting rule contained in Indiana Code § 6–1.1–15–1(p) applied exclusively to PTABOA proceedings. The Indiana Board also determined that Kildsig's land classification was proper, and therefore, it upheld his assessment.

On January 6, 2011, Kildsig initiated this original tax appeal. The Court heard oral argument on August 17, 2011. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ The party seeking to overturn a final determination of the Indiana Board bears the burden of demonstrating its invalidity. *Hubler Realty Co. v. Hendricks Cnty. Assessor,* 938 N.E.2d 311, 313 (Ind. Tax Ct.2010). Accordingly, Kildsig must demonstrate to the Court that the Indiana Board's final determination is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of

---

1. Indiana Code § 6–1.1–15–1(p) provided:
 This subsection applies if the assessment for which a notice of review is filed increased the assessed value of the assessed property by more than five percent (5%) over the assessed value finally determined for the immediately preceding assessment date. The county assessor or township assessor making the assessment has the burden of proving that the assessment is correct.
 *Ind.Code* § 6–1.1–15–1(p) (2010) (repealed 2011).

statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

See IND.CODE § 33–26–6–6(e)(1)–(5) (2013).

## ANALYSIS

 Kildsig first claims that the Indiana Board's determination that Indiana Code § 6–1.1–15–1(p)'s burden-shifting rule applied exclusively to the initial phases of the appeals process (*i.e.*, the PTABOA proceedings) is incorrect as a matter of law. (*See* Oral Arg. Tr. at 5–7, 13–14; Pet'r Reply Br. at 1–3; Pet'r Br. at 1–6.) A final determination of the Indiana Board is contrary to law if it violates a statute or rule of substantive or procedural law. *Shelbyville MHPI, LLC v. Thurston*, 978 N.E.2d 527, 529 (Ind. Tax Ct.2012).

Recently, the Court found that the burden-shifting rule contained in Indiana Code § 6–1.1–15–1(p), as clarified by Indiana Code § 6–1.1–15–17, applied throughout the entire appeals process, not just in the initial proceedings. *See Orange Cnty. Assessor v. Stout*, 996 N.E.2d 871, 872–75, 2013 WL 5477219, No. 49T10–1112–TA–94, slip op. at 3–7 (Ind. Tax Ct. Oct. 2, 2013). Consequently, the Indiana Board's conclusion that the burden-shifting rule did not apply to its proceedings is contrary to law.[2]

 Kildsig also claimed that the Indiana Board's determination that 11.648

acres of his land was "excess residential acreage" is not supported by substantial evidence. (*See* Pet'r Reply Br. at 3–4; Pet'r Br. at 7.) During the Indiana Board hearing, Kildsig argued that his Woods Management Plan showed that he used his land for an agricultural purpose. (*See* Cert. Admin. R. at 114, 199–200, 205–06.) Kildsig further testified that his removal of timber from this land to heat his residence showed that he used it for an agricultural purpose. (*See* Cert. Admin. R. at 202.) Finally, Kildsig contended that his land classification as excess residential acreage was improper because an adjacent, similarly wooded parcel was classified as agricultural land.

In contrast, the Assessor explained that although Kildsig had a Woods Management Plan, indicating that he intended to improve the timber production on the land to provide firewood, his plan was executed in 2010 and was not in effect during the 2009 tax year. (*See* Cert. Admin. R. at 99–101, 218, 231.) The Assessor also claimed that because Kildsig hunted in the wooded acreage and used its timber to heat his home, he used the land for recreational and residential purposes, not an agricultural purpose. (*See* Cert. Admin. R. at 201–02, 223–25.) Furthermore, the Assessor claimed that the classification of the adjacent, wooded parcel was not indicative of the proper classification of Kildsig's land because the adjacent timberland was part of a much larger income-producing farm.[3] (*See* Cert. Admin. R. at 211–13, 227–28 (footnote added).) *See also* REAL PROPERTY

---

2. The Indiana Board's determination on this issue is understandable, however, because the General Assembly did not clarify its intent regarding the burden-shifting rule until after the Indiana Board issued its final determination in this matter. *See* Pub.L. No. 172–2011 §§ 30, 32 (simultaneously repealing Indiana Code § 6–1.1–15–1(p) and enacting Indiana Code § 6–1.1–15–17 effective July 1, 2011).

3. As support, the Assessor presented an aerial map of the adjacent property that also contained its U.S. Department of Agriculture (USDA) farm number, the property's USDA abbreviated farm record, and all of its property record cards. (*See* Cert. Admin. R. at 117–31.)

Assessment Guidelines for 2002—Version A (2004 Reprint) (incorporated by reference at 50 Ind. Admin. Code 2.3–1–2), Bk. 1, Ch. 2 at 99 (indicating that devoting land to an agricultural use involves, among other things, the cultivation of income-producing crops). Finally, the Assessor explained that Kildsig's wooded acreage had been incorrectly classified as agricultural land for years, and that she had purposefully delayed reclassifying his land as excess residential acreage in order to change similarly misclassified land at the same time:

> Basically, the previous assessor for the tax year 2006, payable 2007, had switched this particular property class from agricultural to residential. When I came into office, Mr. Kildsig had filed an appeal, and based on my further investigation of surrounding property owners, and neighbors in this area, I felt that he was switched unfairly, I guess so to say. It is not that I didn't feel that the switch was correct. I did not feel that he was agricultural or deserving of that classification on his property, but I did feel like there were other surrounding property owners that should have also been switched and were [not] done so at that time. So at that time I informed Mr. Kildsig that I would agree to switch his property back to agricultural until we could trend the entire area, and do a review of all properties and switch everyone that was necessary. I told him that would be happening in the future.

(Cert. Admin. R. at 214–15.)

▮ A determination of the Indiana Board is supported by substantial evidence "if a reasonable person could view the record in its entirety and find enough relevant evidence to support the ... determination." *Amax, Inc. v. State Bd. of Tax Comm'rs,* 552 N.E.2d 850, 852 (Ind. Tax Ct.1990). Here, the Assessor's evidence indicates that Kildsig did not use his land for an agricultural purpose; Kildsig's evidence indicates he did. The Indiana Board found the Assessor's evidentiary presentation more persuasive. Now, on appeal, Kildsig invites this Court to do something that it cannot do-reweigh the evidence. *See Freudenberg–NOK Gen. P'ship v. State Bd. of Tax Comm'rs,* 715 N.E.2d 1026, 1030 (Ind. Tax Ct.1999), *review denied* (explaining that this Court may not reweigh the evidence or judge the credibility of witnesses). Indeed, this Court may not reverse a final determination of the Indiana Board simply because it disagrees with how the Indiana Board found the facts, and it may not substitute its judgment for that of the Indiana Board. *See Alte Salems Kirche, Inc. v. State Bd. of Tax Comm'rs,* 694 N.E.2d 810, 813 (Ind. Tax Ct.1998). Accordingly, the Court concludes that the Indiana Board's determination regarding the classification of a portion of Kildsig's land is supported by substantial evidence.

## CONCLUSION

For the above-stated reasons, the Indiana Board's determination that the burden-shifting rule contained in Indiana Code § 6–1.1–15–1(p) did not apply to its proceedings is REVERSED. The Court, however, AFFIRMS the Indiana Board's determination that Kildsig's 11.648 acres were properly classified as residential excess acreage for the 2009 tax year.