ATTORNEY FOR PETITIONER:
**PAUL M. JONES, JR.**
PAUL JONES LAW, LLC
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**WINSTON LIN**
**GREGORY P. GADSON**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

ATTORNEYS FOR AMICUS CURIAE:
**MARILYN S. MEIGHEN**
**MARJORIE K. RICE**
**BRIAN A. CUSIMANO**
MONROE COUNTY BOARD OF
COMMISSIONERS
Bloomington, IN

# IN THE
# INDIANA TAX COURT

| | | |
|---|---|---|
| CVS CORPORATION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 49T10-1605-TA-00011 |
| | ) | |
| MONROE COUNTY ASSESSOR, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
Sep 29 2017, 4:23 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
September 29, 2017

WENTWORTH, J.

The CVS Corporation ("CVS") challenges the Indiana Board of Tax Review's final

determination upholding the Monroe County Assessor's assessments of its real property

for the 2011 through 2013 tax years.  Upon review, the Court affirms the Indiana Board's final determination.

## FACTS AND PROCEDURAL HISTORY

The property at issue is a CVS store near Ellettsville, Indiana.  (See Cert. Admin. R. at 693-97.)  The Assessor originally determined the assessed value of the property as $1,401,700 for 2011; $1,391,600 for 2012; and $1,401,300 for 2013.  (Cert. Admin. R. at 693-94.)  Believing those values to be too high, CVS appealed them to the Monroe County Property Tax Assessment Board of Appeals ("PTABOA").  The PTABOA affirmed all of the assessments, and CVS appealed to the Indiana Board.

The parties agreed to an expedited review procedure before the Indiana Board based on stipulated evidence.  (Cert. Admin. R. at 53-54, 71-72.)  See also 52 IND. ADMIN. CODE 2-6-3(b) (2014) (listing expedited review procedures).  The stipulated evidence consisted of the property record card, the 14th edition of The Appraisal of Real Estate, the 2014-2015 Uniform Standards of Professional Appraisal Practice ("USPAP"), the parties' USPAP-compliant appraisal reports from certified appraisers, a report from the Assessor reviewing CVS's appraisal report, and the Indiana Board's records of two previous cases involving Monroe County CVS stores.  (Cert. Admin. R. at 78-79, 157-58, 706-07.)

CVS's appraisal report, prepared by Sara Coers (the "Coers Report"), calculated the property's value using the sales-comparison and income approaches that incorporated a combination of national and regional data.  (Cert. Admin. R. at 157-58, 222-75.)  The Coers Report did not value the property using the cost approach, but rather used that approach only to calculate market rents under the income approach.  (Cert. Admin. R. at 211-21, 224-26.)  Ultimately, the Coers Report valued the property at

$1,060,000 for 2011; $1,070,000 for 2012; and $1,130,000 for 2013.  (Cert. Admin. R. at 275.)

The Assessor's appraisal report, prepared by Wayne Johnson (the "Johnson Report"), used all three approaches to value the property based exclusively on local data. (Cert. Admin. R. at 706-07, 845-46.)  The Johnson Report reconciled the results of each approach, valuing the property at $1,475,000 for 2011; $1,500,000 for 2012; and $1,550,000 for 2013.  (Cert. Admin. R. at 793, 819, 844-46.)  The Assessor asked the Indiana Board to increase each years' assessed values to match the values contained in the Johnson Report.  (Cert. Admin. R. at 1855.)

The Assessor also submitted a review of the Coers Report that criticized its choice of comparable properties and the methodology it employed.  (See Cert. Admin. R. at 928-29.)  It also criticized the Coers Report's underlying interpretations of Indiana's market value-in-use standard for valuing the property and asserted that the scope of comparable data should be limited to "national pharmacies."[1]  (See Cert. Admin. R. at 928-29, 931, 933-34, 951-54.)

On March 28, 2016, the Indiana Board issued its final determination.  As a threshold issue, it determined under Indiana Code § 6-1.1-15-17.2 that the Assessor bore the burden of proving the assessments were correct because the property's 2011

---

[1] The Indiana Board gave no weight to the review because it raised arguments that had already been rejected by previous decisions of this Court.  (See Cert. Admin. R. at 102-03 ¶¶ 59-63 (citing Marion Cnty. Assessor v. Washington Square Mall, LLC, 46 N.E.3d 1, 9 (Ind. Tax Ct. 2015); Shelby Cnty. Assessor v. CVS Pharmacy, Inc. #6637-02, 994 N.E.2d 350, 354 n.5 (Ind. Tax Ct. 2013); Grant Cnty. Assessor v. Kerasotes Showplace Theatres, LLC, 955 N.E.2d 876, 881 n. 10 (Ind. Tax Ct. 2011); Meijer Stores Ltd. P'ship v. Smith, 926 N.E.2d 1134 (Ind. Tax Ct. 2010); Stinson v. Trimas Fasteners, Inc., 923 N.E.2d 496, 497 (Ind. Tax Ct. 2010)).)  The Court does not address the review's arguments because it stands by its previous decisions.  See Howard Cnty. Assessor v. Kohl's Indiana LP, 57 N.E.3d 913, 918-19 (Ind. Tax Ct. 2016) (stating that the Court agrees with prior jurisprudence governing market value-in-use), review denied.

assessment increased more than 5% over the 2010 assessment. (See Cert. Admin. R. at 101 ¶ 58.) Furthermore, upon reviewing the stipulated evidence, the Indiana Board concluded that while each of the competing appraisals had shortcomings that detracted from their reliability, neither appraisal's flaws obliterated its probative weight completely. (See generally Cert. Admin. R. at 103-10 ¶¶ 64-89.)

The Indiana Board identified the central flaw in the Johnson Report as the relative lack of physical similarity between the properties it used as comparables and the CVS property. (Cert. Admin. R. at 103-04 ¶¶ 65-66, 69, 106 ¶ 73, 106-07 ¶ 77.) Regarding the Coers Report, the Indiana Board questioned its adjustments to comparable properties, its failure to relate those adjustments to the Ellettsville market or the CVS property, and its omission of the cost approach to value the property in contradiction to its own data. (Cert. Admin. R. at 108-10 ¶¶ 80, 85-88.) In the end, the Indiana Board found the Johnson Report more persuasive than the Coers Report, explaining "that Coers' lack of accounting for the local market detracts more from the reliability of [Coers'] opinions than Johnson's problems with physical comparability do from his." (Cert. Admin. R. at 111 ¶ 91.) Nonetheless, the Indiana Board determined that "[t]aken as a whole, the evidence better supports the current assessments than it does the values from Johnson's appraisal" and did not change the original assessments. (Cert. Admin. R. at 111 ¶ 93.)

CVS initiated this original tax appeal on May 11, 2016. The Court heard the parties' oral arguments on February 10, 2017. Additional facts will be supplied as necessary.

### STANDARD OF REVIEW

The party seeking to overturn a final determination of the Indiana Board bears the burden of demonstrating its invalidity. Osolo Twp. Assessor v. Elkhart Maple Lane

4

Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003). CVS must therefore demonstrate that the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence. See IND. CODE § 33-26-6-6(e)(1)-(5) (2017).

**ANALYSIS**

On appeal, CVS argues that the Indiana Board's final determination should be reversed for three reasons. First, CVS claims the final determination is contrary to law because the Indiana Board affirmed the assessments instead of determining that the property's 2011 value must revert to its 2010 assessed value under Indiana Code § 6-1.1-15-17.2. (Pet'r Br. at 5-6.) Second, CVS claims the final determination is not supported by substantial evidence because the Indiana Board did not select either appraisals' value determination. (Pet'r Br. at 3-4.) Third, CVS claims that the Indiana Board abused its discretion and was arbitrary and capricious because it found the Johnson Report more persuasive, contrary to the Indiana Board's previous decisions affirmed by this Court, involving similar properties, similar facts, similar arguments, and the same attorneys and appraisers.[2] (Pet'r Br. at 7-10). See also Monroe Cnty. Assessor

---

[2] The Monroe County Board of Commissioners has argued as amicus curiae in support of the Assessor that the Court's previous decisions interpreting market value-in-use are incorrect, and that the Indiana Board's determination should be affirmed because it is a step away from those decisions. (See Br. of Amicus Curiae Bd. of Comm'rs of the Cnty. of Monroe at 2-3, 6-11.) The Court stands by its previous decisions. See supra n.1. If the Board of Commissioners wishes to change the market value-in-use standard, its remedy is with the Legislature rather than this Court. See DeKalb Cnty. Assessor v. Chavez, 48 N.E.3d 928, 931 (Ind. Tax Ct. 2016) (explaining that the Court applies the law as written and that parties must ask the Legislature if they wish to change the law).

5

v. SCP 2002 E19 LLC 6697, 77 N.E.3d 270, 271-72 (Ind. Tax Ct. 2017) (discussing the Indiana Board's administrative determination), appeal filed (Ind. 2017) ("CVS 2"); Monroe Cnty. Assessor v. SCP 2007-C-26-002, LLC, 62 N.E.3d 478, 479-80 (Ind. Tax Ct. 2016) (discussing the Indiana Board's administrative determination), review denied ("CVS 1").

**I.      Reversion**

CVS first claims the final determination is contrary to law because the Indiana Board did not change the original 2011 assessment to equal the 2010 assessment as required by Indiana Code § 6-1.1-15-17.2(b).  (Pet'r Br. at 4-6.)  Indiana Code § 6-1.1-15-17.2 provides that if a property's assessment increases by more than 5% from one year to the next, the assessor

> has the burden of proving that the assessment is correct . . . in any appeals taken to the Indiana board of tax review or to the Indiana tax court.  If a county assessor or township assessor fails to meet the burden of proof under this section, the taxpayer may introduce evidence to prove the correct assessment.  If neither the assessing official nor the taxpayer meets the burden of proof under this section, the assessment reverts to the assessment for the prior tax year[.]

IND. CODE § 6-1.1-15-17.2(b) (2014).  Compare with IND. CODE § 6-1.1-15-1(l) (2011) (indicating that the taxpayer generally bears the burden of demonstrating that a property tax assessment is incorrect) (amended 2012).   The statute states two requirements that must be met before the reversion remedy must be applied: 1) the assessment must have increased at least 5% over the prior year, and 2) the burden to prove the property's correct assessed value has not been met by either party.  I.C. § 6-1.1-15-17.2(a), (b).

Here, neither party disputes that the 2011 assessment was more than 5% above the 2010 assessment.   (Pet'r Br. at 3; Resp't Br. at 8.)  CVS contends that the reversion remedy must be applied because the Indiana Board concluded neither party met its

burden of proof. (Pet'r Br. at 5-6; see also Cert. Admin. R. at 111 ¶ 93.)

The final determination acknowledges, contrary to CVS's claim that neither party made a prima facie case, that although both appraisal reports were flawed, both had some probative weight. (Cert. Admin. R. at 104-108 ¶¶ 68, 72, 76-77, 83, 110 ¶ 89; see also Pet'r Br. at 6.) The Indiana Board weighed the relative persuasiveness of each appraisal to determine that the totality of the evidence proved the assessments were correct. (Cert. Admin. R. at 109-11 ¶¶ 87, 89, 93.) Indeed, CVS admitted during oral argument that the Indiana Board had found that the Assessor met its burden of proof. (Oral Arg. Tr. at 34 ("CVS does agree that the [Indiana Board] was saying [] that the burden was met by the Assessor").) As a result, the reversion remedy cannot be applied because the final determination did not find the prerequisite failure of proof.

## II. Substantial Evidence

CVS next claims that the Indiana Board's determination upholding the original assessed values is not supported by substantial evidence because "[a]n appraisal report is not an opinion of the 'maximum' value of a property" that makes any lesser value supportable. (Pet'r Br. at 5.) Compare with Stinson v. Trimas Fasteners, Inc., 923 N.E.2d 496, 502 (Ind. Tax Ct. 2010) (stating that an appraisal is an appraiser's opinion, not an exact science). More specifically, CVS maintains that because the administrative record is devoid of market value or appraisal evidence that specifically supports the original assessed values the Indiana Board's failure to explain how the Johnson Report "better supports the current assessments" is fatal to its determination. (Pet'r Br. at 3, 5-6.)

The final determination contains a detailed analysis of the appraisal reports and identified with specificity the strengths and weaknesses of each. (See Cert. Admin. R. at

7

103-10 ¶¶ 63-89.) Deciding that each appraisal had some probative value, the Indiana Board then weighed them to determine their relative persuasiveness. (See Cert. Admin. R. at 109 ¶ 87 (stating "[w]e are called on to weigh the opinions of two experienced, MAI appraisers").) See also Stinson, 923 N.E.2d at 502 (stating that when there are competing opinions of value, the Indiana Board must determine which is more probative). In fact, the Indiana Board summarized its balancing of evidence, resolving that the Johnson Report was more persuasive, but that it supported the original assessed values better than it did its propounded higher value opinion:

> In this case, while both appraisals tell us something about the subject property's true tax value, neither is flawless. We find that Johnson's appraisal, which comes in slightly higher than the assessment for each year under appeal, [is] more persuasive, but we do not entirely discount Coers' appraisal. We therefore decline the Assessor's invitation to raise the assessments. Taken as a whole, the evidence better supports the current assessments than it does the values from Johnson's appraisal. We accordingly order no change to the assessments.

(Cert. Admin. R. at 111 ¶ 93.) Accordingly, the Indiana Board expressly analyzed the evidence and provided the reasons it weighed the evidence as it did.

Moreover, the Indiana Board's finding that the Assessor's appraisal report was more persuasive support for the original assessed values than it was for its higher opinion of value does not, contrary to CVS's claims, run afoul of this Court's prior decisions. This Court's precedent does not require the Indiana Board to choose one appraisal report's opinion of value over another's opinion of value, but instead allows valuations established by an appraisal report to be adjusted based other evidence in the record. See, e.g., Marion Cnty. Assessor v. Gateway Arthur, Inc., 43 N.E.3d 279, 285 (Ind. Tax Ct. 2015) (affirming the Indiana Board's determination to increase a property's assessed value

8

above the taxpayer's appraisal valuations based on the assessor's evidence that property taxes were unaccounted for in the taxpayer's appraisal); Shelby Cnty. Assessor v. CVS Pharmacy, Inc. # 6637-02, 994 N.E.2d 350, 352-54 (Ind. Tax Ct. 2013) (affirming Indiana Board's determination that an assessor's appraisal supported assessments nearly one million dollars lower than its opinion of value); cf. Marion Cnty. Assessor v. Washington Square Mall, LLC, 46 N.E.3d 1, 14 (Ind. Tax Ct. 2015) (adjusting the Indiana Board's final values based on the relative weight the Indiana Board gave to specific portions of each party's appraisal).

The Court therefore finds that the final determination is supported by substantial and reliable evidence because a reasonable person viewing the entire record could find enough relevant evidence to support the Indiana Board's final determination. DeKalb Cnty. Assessor v. Chavez, 48 N.E.3d 928, 931-32 (Ind. Tax Ct. 2016). Moreover, holding otherwise would require the Court to reweigh the evidence, which it cannot do. See Kildsig v. Warrick Cnty. Assessor, 998 N.E.2d 764, 767 (Ind. Tax Ct. 2013) (explaining that the Court may not reweigh the evidence that was presented to the Indiana Board).

### III.    Effect of Prior Decisions

Finally, CVS contends that the Indiana Board abused its discretion and its final determination was arbitrary and capricious because it directly contradicts its own findings in previous cases that determined similar appraisal reports by Coers were more persuasive than similar appraisal reports by Johnson. (See Pet'r Br. at 7-10.) See also CVS 2, 77 N.E.3d at 271-72 (discussing the Indiana Board's administrative determination); CVS 1, 62 N.E.3d at 479-80 (discussing the Indiana Board's

9

administrative determination). A final determination is arbitrary and capricious if there is no basis in the record that would lead a reasonable person to the same conclusion. See Dawkins v. State Bd. of Tax Comm'rs, 659 N.E.2d 706, 709 (Ind. Tax Ct. 1995). Moreover, the Indiana Board abuses its discretion if its final determination is clearly against the logic and effect of the facts and circumstances of the case before it or if it contrary to the law. CVS 2, 77 N.E.3d at 273.

Here, the Coers Report explained that it did not use the cost approach to better reflect the behavior of market participants, who would not consider replacement cost in a weakened market, but the Indiana Board noted that the Coers' Report also explicitly stated that Monroe County's market conditions were improving during the years at issue. (See Cert. Admin. R. at 207-09, 211; see also Cert. Admin. R. at 104 ¶ 67, 110 ¶ 88.) In addition, the Indiana Board noted that the Coers Report gave only generalized and conclusory explanations for the large adjustments it made to the national and regional comparable properties it used in its sales comparison approach. (See Cert. Admin. R. at 224-29, 266-69; see also 108 ¶¶ 80-83, 109 ¶ 87, 110-11 ¶ 90.) See also Washington Square Mall, 46 N.E.3d at 12 (explaining that conclusory statements are not probative evidence). Accordingly, the Indiana Board's final determination is not arbitrary, capricious, or an abuse of discretion because it explicitly conveyed the basis in the record for discounting the reliability of the Coers Report, constructing a logical path from the facts and circumstances of this case for a reasonable person to follow to the same conclusion.

Moreover, consistent with the Tax Court's long-held precept that "each assessment and each tax year stands alone," the Indiana Board evaluates each property's value based on its specific facts and circumstances. See, e.g., Fleet Supply,

10

Inc. v. State Bd. of Tax Comm'rs, 747 N.E.2d 645, 650 (Ind. Tax Ct. 2001), review denied. Consequently, the Indiana Board is not bound to reach the same conclusions regarding the persuasive value of an appraiser's reports and valuation methods for different tax years or different properties.

In truth, CVS's arguments cloak a request that the Court reweigh this evidence to find that the Coers Report was more persuasive than the Johnson Report and impose the Coers Report's values. This the Court cannot do. See Kildsig, 998 N.E.2d at 767.

## CONCLUSION

For the above stated reasons, the Indiana Board's final determination in this matter is AFFIRMED.