ATTORNEY FOR PETITIONER:
**PAUL M. JONES, JR.**
PAUL JONES LAW, LLC
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**WINSTON LIN**
**GREGORY P. GADSON**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

ATTORNEYS FOR AMICUS CURIAE:
**MARILYN S. MEIGHEN**
**MARJORIE K. RICE**
MONROE COUNTY BOARD OF
COMMISSIONERS
Bloomington, IN

# IN THE
# INDIANA TAX COURT

FILED

Sep 29 2017, 4:36 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| CVS CORPORATION (#6698-02), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 49T10-1607-TA-00020 |
| ) | |
| MONROE COUNTY ASSESSOR, ) | |
| ) | |
| Respondent. ) | |

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
September 29, 2017

WENTWORTH, J.

CVS Corporation #6698-02 ("CVS") challenges the Indiana Board of Tax Review's

final determination valuing its real property for the 2011-2013 tax years. Upon review,

the Court affirms the Indiana Board's final determination.

**FACTS AND PROCEDURAL HISTORY**

The subject property is a 12,799 square-foot CVS store located on a 2.79 acre parcel in Bloomington, Indiana. (Cert. Admin. R. at 249-51.) The Monroe County Assessor valued the property at $2,476,200 for 2011, $2,354,700 for 2012, and $2,374,900 for 2013. (Cert. Admin. R. at 249.) Believing these values to be too high, CVS appealed the assessments to the Monroe County Property Tax Assessment Board of Appeals ("PTABOA"). The PTABOA affirmed the assessments and CVS appealed to the Indiana Board.

The parties agreed to an expedited review procedure before the Indiana Board based on stipulated evidence. (Cert. Admin. R. at 43-46.) See 52 IND. ADMIN. CODE 2-6-3(b) (2016) (listing expedited review procedures). The stipulated evidence consisted of the property record card, the 14th edition of The Appraisal of Real Estate, and the parties' appraisal reports completed by certified appraisers in compliance with the Uniform Standards of Professional Appraisal Practice. (Cert. Admin. R. at 48-49, 134-35, 256-57.) CVS's appraisal report applied the sales comparison, income, and cost approaches to value the subject property at $1,810,000 for 2011, $1,830,000 for 2012, and $1,940,000 for 2013. (Cert. Admin. R. at 174-75, 239-40.) The Assessor's appraisal report also used the sales comparison, income, and cost approaches to value the property, but arrived at the higher assessed values of $2,470,000 for 2011, $2,510,000 for 2012, and $2,555,000 for 2013. (Cert. Admin. R. at 258, 381.)

After submitting the stipulated evidence, CVS asked the Indiana Board to take judicial notice of the records of two prior administrative proceedings involving the same

parties and the same appraisers.[1]  (Cert. Admin. R. at 1329 n. 1.)  Although the prior

administrative records involved two distinct CVS properties, each having its own property-

specific appraisal, CVS claimed that the testimony within those prior records would

demonstrate that in the current matter the CVS appraisal was generally more probative

than that of the Assessor.  (See generally Cert. Admin. R. at 1329, 1332-48.)

On June 15, 2016, the Indiana Board issued its final determination.  It first denied

CVS's request for judicial notice, stating that the prior administrative records were not part

of the stipulated evidence.  (Cert. Admin. R. at 60 ¶ 6 n.4.)  Then, after weighing the

evidence, the Indiana Board determined the property's value by adopting the portions of

each appraisal report it found most reliable: the land values from CVS's appraisal report

and the improvement values from the Assessor's appraisal report.  (Cert. Admin. R. at

76-82, 83-84 ¶¶ 78-79.)  This resulted in a final value for the property of $2,332,295 for

2011, $2,361,749 for 2012, and $2,342,793 for 2013.  (Cert. Admin. R. at 84 ¶ 79.)

CVS initiated this original tax appeal on July 28, 2016.  The Court heard the parties'

oral arguments on March 7, 2017.  Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The party seeking to overturn a final determination of the Indiana Board bears the

burden of demonstrating its invalidity.  Osolo Twp. Assessor v. Elkhart Maple Lane

Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003).  CVS must therefore demonstrate that

the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, or

---

[1] These administrative proceedings concerned CVS # 3195-02 and CVS # 6697-02, and were each later appealed to this Court.  See Monroe Cnty. Assessor v. SCP 2002 E19 LLC 6697, 77 N.E.3d 270 (Ind. Tax Ct. 2017) (concerning CVS # 6697-02), appeal filed (Ind. 2017); Monroe Cnty. Assessor v. SCP 2007-C-26-002, LLC, 62 N.E.3d 478 (Ind. Tax Ct. 2016) (concerning CVS # 3195-02), review denied.

otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence.  See IND. CODE § 33-26-6-6(e)(1)-(5) (2017).

**ANALYSIS**

On appeal, CVS asserts that the Indiana Board's final determination should be reversed for three reasons.  First, it contends that the final determination is contrary to law because the Indiana Board did not take judicial notice of two prior cases' administrative records.  (Pet'r Br. at 4-6.)  Second, CVS claims that the final determination is arbitrary and capricious because the Indiana Board did not rely on CVS's income approach.  (See Pet'r Br. at 6-8; Pet'r Reply Br. at 2-4.)  Third, CVS argues that the final determination is not supported by substantial evidence because the evidence the Indiana Board relied on was not credible.[2]  (Oral Arg. Tr. at 25-32.)

**I.      Contrary to Law**

CVS asserts that the law required the Indiana Board to take judicial notice of the administrative records related to Monroe County Assessor v. SCP 2007-C-26-002, LLC, 62 N.E.3d 478 (Ind. Tax Ct. 2016), review denied ("CVS 1"), and Monroe County Assessor v. SCP 2002 E19 LLC 6697, 77 N.E.3d 270 (Ind. Tax Ct. 2017), appeal filed (Ind. 2017)

---

[2] The Monroe County Board of Commissioners has argued as amicus curiae in support of the Assessor that the Court's previous decisions interpreting market value-in-use are incorrect, and that the Indiana Board's determination should be affirmed because it is a step away from those decisions.  (See Br. of Amicus Curiae Bd. of Comm'rs of the Cnty. of Monroe at 2-7.)  The Court stands by its previous decisions.  See Howard Cnty. Assessor v. Kohl's Indiana LP, 57 N.E.3d 913, 918-19 (Ind. Tax Ct. 2016) (stating that the Court agrees with prior jurisprudence governing market value-in-use), review denied.  If the Board of Commissioners wishes to change the market value-in-use standard, its remedy is with the Legislature rather than this Court.  See DeKalb Cnty. Assessor v. Chavez, 48 N.E.3d 928, 931 (Ind. Tax Ct. 2016) (explaining that the Court applies the law as written and that parties must ask the Legislature if they wish to change the law).

4

("CVS 2"), because they involved the same parties, the same issues, and the same appraisers, and thus, should have controlled the outcome of the current case. (Pet'r Br. at 4-6; Oral Arg. Tr. at 14.) CVS bases this claim on three authorities: (1) 52 Indiana Administrative Code 2-7-4; (2) Indiana Rule of Evidence 201(b)(5); and (3) Horton v. State, 51 N.E.3d 1154 (Ind. 2016). (Pet'r Br. at 4-5.) None of these authorities, however, required the Indiana Board to take judicial notice.

First, 52 Indiana Administrative Code 2-7-4 does not support CVS's claim because it provides only that the Indiana Board "may take official notice of . . . [t]he record of other proceedings before [it,]" not that it must do so. 52 IND. ADMIN. CODE 2-7-4(a)(2) (2016) (emphasis added). See WEBSTER'S THIRD NEW INT'L DICTIONARY 1396, 2085-86 (2002 ed.) (explaining that "may" is a discretionary term while "shall" is a mandatory one). Second, Indiana Rule of Evidence 201 does not support CVS's claim because it requires a court to take judicial notice of court records when "a party requests it and the court is supplied with the necessary information." Ind. Evidence Rule 201(b)(5), (c)(2). Thus, this Rule is not inherently applicable to an executive administrative agency such as the Indiana Board. See 52 IND. ADMIN. CODE 2-7-2(a)(2) (2016) (stating that "[t]he administrative law judge shall regulate the course of the proceedings in . . . a manner without recourse to the rules of evidence"). Finally, the Horton case is not authoritative in these circumstances because it concerned whether judicially noticed documents must be entered into the record, not whether a court must take judicial notice of a prior case's records. See Horton, 51 N.E.3d at 1155, 1160-63.

While the Indiana Board had authority to take official notice of the records of other proceedings before it, CVS has failed to support its contention that the Indiana Board was

5

required to do so. Therefore, the Court will not reverse the Indiana Board's final determination on this basis.

## II. Arbitrary and Capricious

Next, CVS claims that the final determination is arbitrary and capricious because the Indiana Board did not determine that the CVS appraisal's income approach was the most probative evidence of value like it had in CVS 1 and CVS 2. (Pet'r Br. at 6-7.) CVS, however, has not identified any authority requiring the Indiana Board to reach identical conclusions regarding the weight of evidence to those it reached in previous cases. (See Pet'r Br. at 6-8; Pet'r Reply at 2-4; Oral Arg. Tr. at 15-18.)

The Tax Court has long-held that "each assessment and each tax year stands alone," and the Indiana Board evaluates each property's value based on its specific facts and circumstances. See e.g., Fleet Supply, Inc. v. State Bd. of Tax Comm'rs, 747 N.E.2d 645, 650 (Ind. Tax Ct. 2001), review denied. Thus, "the Indiana Board is not bound to reach the same conclusions regarding the persuasive value of an appraiser's reports and valuation methods for different tax years or different properties." CVS Corp. v. Monroe Cnty. Assessor, Cause No. 49T10-1605-TA-11, slip op. at 11 (Ind. Tax Ct. Sept. 29, 2017).

A final determination is arbitrary and capricious when there is no basis in the record that would lead a reasonable person to the same conclusion. See Dawkins v. State Bd. of Tax Comm'rs, 659 N.E.2d 706, 709 (Ind. Tax Ct. 1995). Here, the record shows that CVS appraisal's income approach used both national and regional data to determine market rents and capitalization rates. (Cert. Admin. R. at 218-38.) Its income analysis adjusted lease rates for one of the comparable properties explaining that this adjustment

6

was due to its superior location, but it did not explain why it did not make any adjustments to the other comparable properties. (Cert. Admin. R. at 80 ¶¶ 66, 221-29.) Moreover, the Indiana Board noted that CVS's appraisal report did not explain how the national and regional data it used related to the subject property. (Cert. Admin. R. at 80 ¶ 66, 80 ¶ 68.) As a result, the Indiana Board determined that the CVS appraisal's income approach was not persuasive. (See Cert. Admin. R. at 81 ¶ 69, 82-83 ¶ 75.)

Accordingly, the Indiana Board reasonably concluded that the CVS appraisal's income approach was not persuasive based on the lack of adequate explanations in its analysis of the evidence. Cf. French Lick Twp. Tr. Assessor v. Kimball Int'l, Inc., 865 N.E.2d 732, 739 (Ind. Tax Ct. 2007) (explaining that a taxpayer is required to make the Indiana Board understand its evidence for the evidence to be considered probative). The Indiana Board's determination was therefore neither arbitrary nor capricious. See Dawkins, 659 N.E.2d at 709.

### III.    Substantial and Reliable Evidence

Finally, CVS contends that the final determination is not supported by substantial and reliable evidence. (Oral Arg. Tr. at 30.) The Tax Court may not reverse a final determination that is supported by substantial and reliable evidence. Cf. I.C. § 33-26-6-6(e)(5). Furthermore, a final determination is supported by substantial and reliable evidence if a reasonable person reviewing the entire record could find enough relevant evidence to support it. See DeKalb Cnty. Assessor v. Chavez, 48 N.E.3d 928, 931-32 (Ind. Tax Ct. 2016).

CVS claims that, based on the appraisals from CVS 1 and CVS 2, the value of the CVS property at issue here should be comparably less than other Monroe County CVS

stores. (See Oral Arg. Tr. at 27.) See also CVS 1, 62 N.E.3d at 480; CVS 2, 77 N.E.3d at 272. Accordingly, CVS concludes that the Indiana Board's values are not supported by the evidence because they are roughly even with the values determined in CVS 1 and CVS 2. (See Oral Arg. Tr. at 25-29.) See also CVS 1, 62 N.E.3d at 480; CVS 2, 77 N.E.3d at 271.

The Indiana Board explained in its final determination, however, the reasons it weighed the credibility of the evidence as it did. In valuing the property, the Indiana Board determined that both parties' calculations under the cost approach were the most reliable evidence of value because the parties' other approaches lacked data relating physically comparable properties to the local market. (See Cert. Admin. R. at 82-83 ¶ 75.) It further determined that the Assessor's improvement valuation was generally reliable, whereas CVS itself acknowledged that parts of its improvement valuation – such as its external obsolescence adjustment – were unreliable. (See Cert. Admin. R. at 66 ¶ 26, 70 ¶¶ 36-38, 76 ¶ 53, 77 ¶ 54, 81 ¶¶ 70-71, 83-84 ¶ 78, 190.) Moreover, it determined that CVS's land valuation, which explained the adjustments made to the comparable value of local properties to account for variations in buyer motivations, market conditions, frontage, and lot size, was more probative than the Assessor's land valuation that contained several errors. (See Cert. Admin. R. at 65 ¶¶ 22-23, 77 ¶¶ 55-56, 83-84 ¶¶ 78-79.) Accordingly, the Indiana Board's final determination is supported by substantial evidence, and the Court cannot and will not reweigh the evidence on appeal. See Kildsig v. Warrick Cnty. Assessor, 998 N.E.2d 764, 767 (Ind. Tax Ct. 2013) (explaining that the Court may not reweigh the evidence that was presented to the Indiana Board).

## CONCLUSION

For the above stated reasons, the Indiana Board's final determination in this matter is AFFIRMED.