PETITIONERS APPEARING PRO SE:
**LARRY G. JONES**
**SHARON F. JONES**
Hanover, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
INDIANA ATTORNEY GENERAL
**JESSICA E. REAGAN**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

FILED
May 04 2016, 3:04 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | | |
|---|---|---|
| LARRY G. JONES and<br>SHARON F. JONES, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Cause No. 39T10-1308-TA-00068 |
| | ) | |
| JEFFERSON COUNTY ASSESSOR, | ) | |
| | ) | |
| Respondent. | ) | |

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**May 4, 2016**

WENTWORTH, J.

Larry G. and Sharon F. Jones challenge the final determination of the Indiana Board of Tax Review that upheld the assessments of their real property for the 2008 and 2009 tax years ("years at issue"). Upon review, the Court affirms the Indiana Board's final determination.

**FACTS AND PROCEDURAL HISTORY**

The Joneses own a single-family dwelling situated on approximately 100 acres of farmland in Hanover, Indiana. In 2008, their property was assessed at $501,400

($105,900 for land and $395,500 for improvements), and in 2009, their assessment increased to $505,100 ($109,600 for land and $395,500 for improvements). (See Cert. Admin. R. at 73-74.)

In April of 2011, the Joneses contacted the Jefferson County Assessor to explain that these assessments were based on the same "critical" error – the assumption that their residence was 100% complete as of the assessment date when it was not. (See Cert. Admin. R. at 137.) The Assessor subsequently inspected the exterior of the property, determined that the residence appeared to be occupied and complete, and referred the matter to the Jefferson County Property Tax Assessment Board of Appeals (PTABOA) for further action. (See Cert. Admin. R. at 68-69, 111-14, 137-40, 143-44.) On April 18, 2012, after conducting a hearing, the PTABOA denied the Joneses' appeal. The Joneses subsequently appealed to the Indiana Board.

On May 1, 2013, the Indiana Board held a hearing during which the Joneses did not contest their land valuation, but claimed that their residence should have been assigned an assessed value of $0 during the years at issue. (See, e.g., Cert. Admin. R. at 2-3, 147, 151-52.) The Joneses presented a two-page document prepared by the former Trustee/Assessor of Hanover Township to support their claim. (See Cert. Admin. R. at 66-67, 130-31.) The Trustee/Assessor explained that litigation between the Joneses and the contractor building their house erupted in 2006, leaving the residence uninhabitable and only 50% complete. (See Cert. Admin. R. at 66-69.) The Trustee/Assessor further stated that because the residence was still uninhabitable in 2008, it should not have been assessed. (See Cert. Admin. R. at 67.) In addition, the Trustee/Assessor surmised that someone may have mistakenly assumed that the

2

residence was complete because the Joneses owned another property in the same neighborhood for which they had applied for a homestead deduction. (See Cert. Admin. R. at 66-67, 70-71.)

In response, the Assessor asserted that the Trustee/Assessor's document lacked probative value because it was not notarized and contained several unattributed handwritten alterations. (See Cert. Admin. R. at 144.) The Assessor also presented an Appraisal that valued the Joneses' entire property at $500,000 as of January 11, 2011, despite the fact that the construction of their residence was only 74.5% complete as of that date. (See Cert. Admin. R. at 77-101, 134, 140-42.) Finally, the Assessor argued that because the Joneses received a homestead deduction in 2008, it was reasonable to conclude that they lived in the residence at that time. (See Cert. Admin. R. at 102-10, 142-44.)

On July 17, 2013, the Indiana Board issued a final determination finding that the parties' evidentiary presentations had established that the Joneses' residence was assessed as if it were 100% complete during the years at issue when clearly it was not. (See Cert. Admin. R. at 33-34 ¶ 28.) Nonetheless, the Indiana Board's final determination found that the Joneses' assessments must stand because their primary evidence, the Trustee/Assessor's document, was unreliable and provided insufficient support for their requested valuation of $0. (See Cert. Admin. R. at 31 ¶ 21, 34-35 ¶¶ 29-31.)

On August 28, 2013, the Joneses initiated this original tax appeal. Thereafter, the Assessor unsuccessfully moved to dismiss the Joneses' appeal on the basis that they failed to timely request and file the certified administrative record. See generally

Jones v. Jefferson Cnty. Assessor, 6 N.E.3d 1048 (Ind. Tax Ct. 2014). On November 6, 2014, the Court heard oral argument on the merits. Additional facts will be supplied as necessary.

**STANDARD OF REVIEW**

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Kildsig v. Warrick Cnty. Assessor, 998 N.E.2d 764, 765 (Ind. Tax Ct. 2013). The Court will reverse a final determination if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence. IND. CODE § 33-26-6-6(e)(1)-(5) (2016).

**LAW AND ANALYSIS**

On appeal, the Joneses assert that the Indiana Board's final determination must be reversed because any other outcome would sanction the Assessor's failure to adequately investigate their claim and reversal would correct two clearly erroneous assessments.[1] (See Pet'rs' Reply Br. at 1-2; Oral Arg. Tr. at 7-8.) More specifically, the Joneses explain that because it is clear that their residence was incomplete and thus ineligible for assessment in 2008 and 2009, the Assessor should have corrected the erroneous assessments by simply assigning their residence an assessed value of $0

---

[1] The Joneses submitted to the Court a certificate of occupancy, paperwork regarding the delivery and storage of their personal effects, a permit for the installation of a septic system, and certain litigation paperwork, but conceded at oral argument that they did not submit any of these documents to the Indiana Board. (See Pet'rs' Reply Br. at 4-13; Oral Arg. Tr. at 4-5.) Accordingly, the Court may not consider them on appeal. See, e.g., North Park Cinemas, Inc. v. State Bd. of Tax Comm'rs, 689 N.E.2d 765, 768 (Ind. Tax Ct. 1997) (declining to consider newly presented evidence).

4

and refunding the property taxes collected on their home for the years at issue. (See Pet'rs' Br. at 1-2; Oral Arg. Tr. at 6-9.)

The Joneses' entire claim is based on their assumption that because the construction of their residence was incomplete during the 2008 and 2009 tax years, the residence was ineligible for assessment during the years at issue and had no value. Indiana Code § 6-1.1-2-1, however, provides that "all tangible property which is within the jurisdiction of this state on the assessment date of a year is subject to assessment and taxation for that year." IND. CODE § 6-1.1-2-1 (2008). Consequently, the Assessor was required to determine the true tax value (i.e., the market value-in-use)[2] of the Joneses' residence for the years at issue. See IND. CODE § 6-1.1-31-6(c) (2008); 2002 REAL PROPERTY ASSESSMENT MANUAL (2004 Reprint) (Manual) (incorporated by reference at 50 IND. ADMIN. CODE 2.3-1-2 (2002 Supp.)) at 2 (providing that property is assessed based on its market value-in-use).¶ Accordingly, the focus of this case concerns the valuation of the Joneses' property, not the correction of an error as the Joneses claim.

Indiana has promulgated a series of guidelines that explain the property valuation process in detail. See REAL PROPERTY ASSESSMENT GUIDELINES FOR 2002--VERSION A (2004 Reprint) (incorporated by reference at 50 I.A.C. 2.3-1-2), Bks. 1 & 2. When, as here, an assessor has assessed real property pursuant to the guidelines, her assessment is presumed accurate. Manual at 5. A taxpayer may rebut that presumption, however, with other market-based evidence (e.g., sales data, appraisals,

---

[2] Market value-in-use is defined as the value of a property "for its current use, as reflected by the utility received by the owner or a similar user, from the property." 2002 REAL PROPERTY ASSESSMENT MANUAL (2004 Reprint) (incorporated by reference at 50 IND. ADMIN. CODE 2.3-1-2 (2002 Supp.)) at 2.

or actual construction costs) that indicates the assessment is not an accurate reflection of the property's market value-in-use. <u>See</u> Manual at 5. The Joneses did not provide the Indiana Board with any market-based evidence of their property's market value-in-use during their administrative hearing. (<u>See</u> Cert. Admin. R. at 63-71.) Consequently, the Court has no market-based evidence to review and finds no basis for reversing the Indiana Board's final determination.

## CONCLUSION

For the above-stated reasons, the final determination of the Indiana Board is AFFIRMED.