PETITIONER APPEARING PRO SE:
**J. CHARLES SHEERIN**
Michigan City, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**MEREDITH B. McCUTCHEON**
**PARVINDER K. NIJJAR**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN



FILED

Dec 11 2019, 2:41 pm

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| J. CHARLES SHEERIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 19T-TA-00007 |
| | ) |
| MICHAEL SCHULTZ | ) |
| LAPORTE COUNTY ASSESSOR, | ) |
| | ) |
| Respondent. | ) |

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**December 11, 2019**

FISHER, Senior Judge

J. Charles Sheerin has appealed the Indiana Board of Tax Review's final determination that upheld the assessment of his real property for the 2015 tax year. Upon review, the Court affirms the Indiana Board's final determination.

## FACTS AND PROCEDURAL HISTORY

During the year at issue, Sheerin owned a 40 by 150 foot vacant lot in the town of Long Beach, Michigan Township, LaPorte County, Indiana. (See Cert. Admin. R. at 38,

41.)  Sheerin's lot was rectangular in shape, had a "severe slope," and was zoned residential.  (See Cert. Admin. R. at 41.)  The lot was considered to be buildable even though a variety of factors, including the topography, lack of rear access, need for septic installation, and proximity to overhead power lines, could drive up construction costs. (See Cert. Admin. R. at 38, 41, 50-52, 91-95.)

For the 2015 tax year, Sheerin's lot was assigned an assessed value of $220,000. (See Cert. Admin. R. at 38, 70-71.)  Sheerin appealed the assessment to the LaPorte County Property Tax Assessment Board of Appeals ("PTABOA").  On August 17, 2016, the PTABOA reduced the assessment to $132,000.  (See Cert. Admin. R. at 71, 78.)

Dissatisfied with this result, Sheerin sought review with the Indiana Board on October 6, 2016, electing to have his case heard pursuant to the Indiana Board's small claims procedures.  (See, e.g., Cert. Admin. R. at 1-4.)  The Indiana Board held a hearing on the matter on June 21, 2017, and July 24, 2018.[1]  During the hearing, the LaPorte County Assessor conceded that he bore the burden of proof in the administrative process because Sheerin's 2015 assessment was more than 5% higher than 2014's.[2]  (See Cert. Admin. R. at 70.)  To meet his burden of proof, the Assessor presented, among other things, an appraisal along with the testimony of its preparer, Mr. Patrick Troy, a certified

---

[1]  During the June 2017 hearing, Sheerin moved for a continuance after the LaPorte County Assessor presented all of his evidence, explaining that he did not have sufficient time to gather his own evidence because he recently discovered that his appeal had not been settled.  (See, e.g., Cert. Admin. R. at 96-98.)  The Indiana Board granted Sheerin's motion and resumed the hearing in July 2018.  (See, e.g., Cert. Admin. R. at 16-32, 55 ¶ 2.)

[2]  Indiana Code § 6-1.1-15-17.2, commonly referred to as "the burden-shifting rule," provides that if the assessment of the same property increases by more than 5% from one year to the next, the assessor bears the burden of proving that the assessment is correct.  See IND. CODE § 6-1.1-15-17.2 (2016); Orange Cty. Assessor v. Stout, 996 N.E.2d 871, 873 (Ind. Tax Ct. 2013).  See also Nova Tube Indiana II LLC v. Clark Cty. Assessor, 101 N.E.3d 887, 893 n.5 (Ind. Tax Ct. 2018) (explaining that for purposes of the burden-shifting rule, the term "burden of proof" refers to the burden of production).

residential appraiser. (See, e.g., Cert. Admin. R. at 39-49, 82-96.) The appraisal, completed in conformance with the Uniform Standards of Professional Appraisal Practice (USPAP), estimated that Sheerin's property was worth $160,000 as of January 1, 2015, based solely on the sales of three vacant lots. (See, e.g., Cert. Admin. R. at 40-41.)

To rebut, Sheerin presented a map of the town of Long Beach, explaining that it showed one of those vacant lots was not similar to his property at all because it was located at the opposite end of town in an entirely different neighborhood and had superior roadway access. (See Cert. Admin. R. at 35, 114-16.) Furthermore, Sheerin claimed that the Assessor's appraisal should be completely disregarded because the topographical, size, location, and ingress/egress differences between his lot and those used in the appraisal showed that none of the properties were actually comparable. (See, e.g., Cert. Admin. R. at 86-95, 109-10.) Sheerin also claimed that the appraisal was flawed because the appraiser 1) certified that he visually inspected the entire property, as required by the appraisal's "Scope of Work" provision, and then admitted that he did not inspect the entire property; 2) violated another aspect of the "Scope of Work" provision by failing to inspect the neighborhood; and 3) labeled a photograph as providing a "rear view of the subject property" even though he knew it did not depict the rear of the property. (See Cert. Admin. R. at 42-43, 48, 87, 117-19.)

On January 17, 2019, the Indiana Board issued its final determination explaining that while the Assessor's appraisal had some shortcomings, its "minor flaws" did not negate its probative value completely. (See Cert. Admin. R. at 60-61 ¶ 16(c).) The Indiana Board further explained that it would not change Sheerin's 2015 assessment of $132,000 because 1) "[t]he Assessor made a prima facie case supporting the

3

assessment[;]" 2) "Sheerin failed to rebut the Assessor's [prima facie] case with probative market-based evidence[;]" and 3) "[t]he Assessor did not request an increase in the assessment." (See Cert. Admin. R. at 60-61 ¶ 16(g) (emphasis added).)

On March 4, 2019, Sheerin initiated this original tax appeal. The Court took the matter under advisement on September 17, 2019. Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Osolo Twp. Assessor v. Elkhart Maple Lane Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003). Thus, to prevail on appeal, Sheerin must demonstrate to the Court that the Indiana Board's final determination is, for example, arbitrary, capricious, an abuse of discretion, or unsupported by substantial or reliable evidence. See IND. CODE § 33-26-6-6(e)(1), (5) (2019).

## LAW AND ANALYSIS

On appeal, Sheerin has asked the Court to reverse the Indiana Board's finding that the Assessor made a prima facie case. (See, e.g., Pet'r Br. Supp. Original Appeal Final Determination Ind. Bd. of Tax Review ("Pet'r Br.") at 4.) More specifically, Sheerin contends that the Indiana Board abused its discretion in finding that the Assessor made a prima facie case because it did not adequately scrutinize the Assessor's appraisal; rather, it simply deferred to the appraiser's testimony and adopted the "perfidious" appraisal despite its significant flaws. (See, e.g., Pet'r Resp. Resp't Br. ("Pet'r Resp. Br.") at 1-4.) To support his claim, Sheerin restates many, if not all, of the same arguments

4

that he presented to the Indiana Board during the administrative process.[3] (Compare Pet'r Br. at 2-4 and Pet'r Resp. Br. at 1-4 with Cert. Admin. R. at 42-43, 86-95, 109-10, 114-19.)

Here, the appraisal's flaws do not negate the probative value of the Assessor's appraisal. Indeed, Sheerin has not presented any market-based evidence showing that either the appraisal's $160,000 estimate of value or the PTABOA's $132,000 assessment are inaccurate. (See generally Cert. Admin. R.) See also e.g., Jones v. Jefferson Cty. Assessor, 51 N.E.3d 461, 463-64 (Ind. Tax Ct. 2016) (explaining that a taxpayer may show an assessment is incorrect by presenting his own market-based evidence (e.g., sales data, appraisal, or actual construction costs)). Moreover, Sheerin has not shown that either the appraiser's description of the subject property or his adjustments for topographical, size, and location differences are inaccurate. (See generally Cert. Admin. R.)

When, as here, the Indiana Board determines the evidence presented at the administrative level has probative value, the Court will not reverse its determination that a litigant made a prima facie case absent an abuse of discretion. See generally, e.g., French Lick Twp. Tr. Assessor v. Kimball Int'l, Inc., 865 N.E.2d 732 (Ind. Tax Ct. 2007). In this case, the Indiana Board evaluated the Assessor's evidence and determined it had

---

[3] Sheerin also claims that the Indiana Board's factual findings that his original assessment was $220,000 and that the appraiser did not have permission to inspect his entire property are not supported by substantial evidence. (See Pet'r Br. Supp. Original Appeal Final Determination Ind. Bd. of Tax Review at 3; Cert. Admin. R. at 57-58 ¶¶ 14(a), (c).) The evidence in the certified administrative record, however, reveals otherwise. (See Cert. Admin. R. at 38 (a copy of Sheerin's property record card that indicates his lot was assessed at $220,000 for the 2015 tax year), 87 (where the appraiser testifies that he does not "walk [a] property without permission[,]" leading to the reasonable inference that he did not have permission to inspect Sheerin's property).)

5

probative value, finding that despite the inaccuracies, the contents of the appraisal, along with the appraiser's testimony, provided a sufficient explanation of the methods and information used to derive the estimate of value. (See Cert. Admin. R. at 39-49, 82-96.) See also, e.g., IND. CODE § 6-1.1-15-4(p) (2019) (indicating that the Indiana Board, as the "trier of fact," [is to] review the probative value of an appraisal"); Marion Cty. Assessor v. Washington Square Mall, LLC, 46 N.E.3d 1, 11-12 (Ind. Tax Ct. 2015) (indicating that when an appraisal contains an error or flaw, the Indiana Board need not find that the entire appraisal is invalid; rather, the Indiana Board can still rely on the parts of the appraisal it determines are probative). Accordingly, Sheerin has not met his burden of demonstrating that the Indiana Board's final determination constitutes an abuse of discretion because it comports with the law and is supported by substantial evidence. See Nova Tube Indiana II LLC v. Clark Cty. Assessor, 101 N.E.3d 887, 892 (Ind. Tax Ct. 2018) (defining an "abuse of discretion").

## CONCLUSION

For the foregoing reasons, the Court finds that the Indiana Board's final determination is supported by substantial evidence and is not an abuse of discretion. Accordingly, the Court AFFIRMS the Indiana Board's final determination.